DECISION AND JUDGMENT ENTRY
{¶ 1} Donovan Cremeens appeals the conviction and sentence entered against him by the Vinton County Court of Common Pleas for Conspiracy to Commit Aggravated Murder in Vinton County Case No. 05CR7571. Cremeens contends that the trial court erred in accepting his guilty plea to a bill of information that did not contain sufficient facts to support a conviction. Because this assignment of error relates to Cremeens's conviction for Gross Abuse of a Corpse in Case No. 06CR7967, which Cremeens has not appealed, we find that this court lacks jurisdiction to consider it. Next, Cremeens contends that the trial court erred by failing to make any findings to support its imposition of maximum, consecutive sentences. Because the parties jointly recommended Cremeens's sentences, and the sentences are authorized by law, we find that, pursuant to R.C. 2953.08(D), they are not subject to appellate review. Accordingly, we overrule each of Cremeens's assignments of error and affirm the trial court's judgment.
 I. {¶ 2} On January 16, 2005, Deputy Tony Wood of the Vinton County Sheriff's Department filed a complaint in the Vinton County Court stating that on or about January 15, 2005, Cremeens purposely caused the death of Marvin Hunt, in violation of R.C. 2903.02(A). A few days later, authorities in Mason County, West Virginia arrested Cremeens. Cremeens waived extradition to Ohio. The trial court conducted a preliminary hearing and found probable cause to believe that Cremeens committed murder or another felony. The court bound Cremeens over to the Vinton County Court of Common Pleas, and the Vinton County Grand Jury subsequently indicted Cremeens on one count of Aggravated Murder, in violation of R.C. 2903.01(A), an unclassified felony in Case No. 05CR7571. At his arraignment, Cremeens entered a plea of not guilty.
 {¶ 3} On March 29, 2006, the trial court conducted a change of plea hearing. Cremeens agreed to enter a plea of guilty to an amended charge of Conspiracy to Commit Aggravated Murder in violation of R.C.2923.01(A) and R.C. 2903.01(A), a felony of the first degree. Additionally, it appears that on the morning of that plea hearing, the state filed a bill of information in Case No. 06CR7697. The parties agree that in that case, the state charged Cremeens with Gross Abuse of a Corpse, in violation of R.C. 2927.01(B), a felony of the fifth degree, and Cremeens entered a guilty plea. The parties jointly recommended that the court impose a ten year prison term for the Conspiracy charge and a one year prison term for the Gross Abuse of a Corpse charge, the maximum sentences for each offense, to be served consecutively for a total prison term of eleven years. The trial court considered and adopted the joint sentencing recommendation. However, the trial court did not consolidate the cases. Instead, the court issued a judgment entry of conviction and sentence for the Conspiracy to Commit Aggravated Murder charge in Case No. 05CR7571 and ordered Cremeens to serve that sentence consecutive to his sentence for Gross Abuse of a Corpse in the other case. The sentencing entry in Case No. 06CR7697 is not part of the record on appeal. However, the parties agree that the trial court imposed a one year sentence for the Gross Abuse of a Corpse conviction.
 {¶ 4} Cremeens now appeals his conviction and sentence in Case No. 05CR7571, and raises the following assignments of error: "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES WITHOUT FINDINGS. II. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA TO THE BILL OF INFORMATION."
 II. {¶ 5} In his second assignment of error, Cremeens contends that the trial court erred in accepting his guilty plea to the Gross Abuse of a Corpse charge set forth in the bill of information filed the morning of his plea hearing. Specifically, Cremeens contends that the facts enumerated in the bill of information are insufficient to support a conclusion that he is guilty of Gross Abuse of a Corpse in violation of R.C. 2927.01(B). We find that this court lacks jurisdiction to consider this assignment of error.
 {¶ 6} App.R. 3(D) provides, in relevant part, that "a notice of appeal * * *shall designate the judgment, order or part thereof appealed from * * *." "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of `just what appellants . . . [are] undertaking to appeal from.'"Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 428, citingMaritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 258-259. A party must file a written notice of appeal within thirty days of the entry of the judgment appealed. App.R. 4(A). The timely filing of a notice of appeal to the Court of Appeals is a jurisdictional prerequisite. State v. Alexander, Franklin App. Nos. 05AP-192, 05AP-245,2006-Ohio-5997, at ¶ 16-17. However, App.R. 5(A) provides that a criminal defendant may file a motion for leave to file a delayed appeal after the expiration of the thirty day period for appeal provided by App.R. 4(A).
 {¶ 7} Here, Cremeens's notice of appeal only designates that he appeals the March 29, 2006 judgment entry in Case No. 05CR7571. However, his second assignment of error relates to his guilty plea in Case No. 06CR7697. Because Cremeens did not file either a timely notice of appeal or a motion for leave to file a delayed appeal of his conviction for Gross Abuse of a Corpse in Case No. 06CR7697, we lack the necessary jurisdiction to consider his second assignment of error.
 III. {¶ 8} In his first assignment of error, Cremeens contends that the trial court erred by imposing the maximum sentences for each of his convictions, and by ordering him to serve those sentences consecutively. Specifically, Cremeens asserts that the trial court failed to consider the seriousness and recidivism factors enumerated in R.C. 2929.12(C)-(E) before imposing the maximum sentence for his two convictions, failed to order a presentence investigation as contemplated by R.C. 2929.19(B)(1), and failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) to support its imposition of consecutive sentences.
 {¶ 9} The version of R.C. 2953.08(D) in effect at both the time Cremeens committed the offenses and the trial court sentenced him for the offenses at issue provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections2929.02 to 2929.06 of the Revised Code is not subject to review under this section."[2]
 {¶ 10} In applying R.C. 2953.08(D), the Ohio Supreme Court has recognized that: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." State v. Porterfield,106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25. See, also, State v. Franklin, Meigs App. No. 05CA9, 2006-Ohio-1198, at ¶ 15; State v. Covington, Muskingum App. No. No. CT2005-0038, 2006-Ohio-2700, at ¶ 12; State v.Hammond, Cuyahoga App. No. 86192, 2006-Ohio-1570.
 {¶ 11} Moreover, we note that in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Supreme Court of Ohio held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. In doing so, the Court severed the offending portions of the sentencing statutes, and retained those portions that do not violate the constitution. Id. at ¶ 96. The Court then held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Furthermore, the Court recognized that "there is no mandate for judicial fact-finding in the general guidance statutes[,]" i.e. R.C.2929.11 and 2929.12. Id. at ¶ 42. Instead, the court is merely to `consider' the statutory factors. Id.
 {¶ 12} Here, Cremeens concedes that he and the prosecution submitted a joint sentencing recommendation that the court impose maximum, consecutive sentences, and that the court followed their joint recommendation. Therefore, so long as the sentences are authorized by law, R.C. 2953.08(D) provides that they are not subject to appellate review. The court imposed a ten year sentence for Cremeens's conviction for Conspiracy to Commit Aggravated Murder, a first degree felony. The statutory sentencing range available for a first degree felony is three to ten years. R.C. 2929.14(A)(1). The sentencing entry for Cremeens's conviction for Gross Abuse of a Corpse is not properly before this court. However, the parties agree that the trial court imposed a one year sentence for that offense, which falls within the statutory sentencing range of six to twelve months for a fifth degree felony. R.C.2929.14(A)(5). Because Cremeens's sentences fall within the permissible statutory range for his offenses, they are not contrary to law. Similarly, the court's imposition of consecutive sentences is not contrary to law because, pursuant to the Supreme Court's holding inFoster, supra, trial courts possess the discretion to impose consecutive prison terms without any judicial fact finding. Foster at ¶ 96 and ¶ 99. Accordingly, we overrule Cremeens's first assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[2] We note that in the most recent version of R.C. 2953.08, effective August 3, 2006, Section (D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."