OPINION *Page 2 
{¶ 1} Defendant-appellant Wayne Christian appeals from his conviction and sentence entered in the Jefferson County Common Pleas Court for nine counts of felonious assault, a violation of R.C. 2903.11(B)(3). Four issues are raised in this appeal. The first issue is whether the conviction is against the manifest weight of the evidence. The second issue is whether there is sufficient evidence going to all the elements of the offense. The third issue is whether the trial court erred by imposing five consecutive sentences. The last issue is whether the trial court erred in classifying Christian as a sexual predator. For the reasons expressed below, the convictions for felonious assault and the consecutive sentences imposed for those convictions are affirmed. Likewise, the sexual predator classification is also affirmed.
 {¶ 2} On June 7, 2006, Christian was indicted for ten counts of felonious assault, a violation of R.C. 2903.11(B)(3). The indictment alleged that Christian, knowing that he was HIV positive, engaged in sexual conduct with S.D., who was under the age of 18 and was not Christian's spouse. The first and tenth counts of the indictment alleged specific dates that the sexual conduct occurred. The first count alleged that the sexual conduct occurred on or about December 4, 2005; the tenth count alleged that the sexual conduct occurred on or about February 25, 2006. However, for counts two through nine, the indictment alleged a time frame — "between the dates of DECEMBER 5, 2005 AND FEBRUARY 24,2006." (Emphasis in indictment).
 {¶ 3} The case proceeded to a trial before a jury. Christian stipulated that S.D. was under 18 years of age, was not his spouse, and that he was HIV positive. Thus, the only issue at trial was whether or not he and S.D. engaged in sexual conduct.
 {¶ 4} At trial, S.D. testified that she had engaged in sexual conduct with Christian. She stated that she probably had 10 sexual encounters with Christian. (Tr. 102). She testified that they had vaginal, oral and anal sex, that these sexual experiences occurred in a Chevy Malibu, a green Jaguar, at a friend's house, or at an *Page 3 
isolated place off of Wolf Run Road in Amsterdam, Ohio. S.D. indicated that Christian never told her he was HIV positive. (Tr. 102).
 {¶ 5} Jennifer Akbar from the Ohio Bureau of Criminal Identification and Investigation (BCI) also testified. She performed DNA analysis on the seats of the Chevy Malibu, the green Jaguar and a blanket that was found in the green Jaguar. She also performed DNA analysis on some of S.D.'s clothing — shorts, underwear, and pants — that was allegedly worn during her last sexual encounter with Christian. Semen found on S.D.'s shorts was consistent with Christian's DNA. (Tr. 153-155). Furthermore, semen that was found on the seat of the Malibu and Jaguar was consistent with Christian's DNA. There was also DNA found on the Jaguar seat that was not consistent with either Christian's or S.D.'s DNA. The blanket found in the Jaguar contained DNA from both S.D. (her blood) and Christian (semen).
 {¶ 6} Christian offered testimony from his girlfriend, Melissa. She testified that Christian told her he was HIV positive prior to them ever having sex and that he always wore a condom. (Tr. 180-181). She indicated that they had sex in both the Malibu and Jaguar. (Tr. 181). Melissa also stated that Christian never mentioned S.D. (Tr. 184).
 {¶ 7} Following the evidence, the jury found Christian guilty of nine of the ten counts. Specifically, he was found guilty of counts one, three, four, five, six, seven, eight, nine, and ten. On each count, the trial court sentenced him to eight years in prison. Counts one, three, four, five and six were ordered to run consecutively to each other. Counts seven, eight, nine and ten were ordered to run concurrently with all other counts. Thus, Christian received a net prison term of forty years. The trial court also found Christian to be a sexual predator.
 {¶ 8} Christian timely appeals his conviction, sentence and sexual predator classification raising three assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE VERDICT FINDING THE APPELLANT GUILTY OF NINE OUT OF THE TEN COUNTS OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 {¶ 10} Christian's stated assignment of error only references manifest weight of the evidence. However, in addition to arguing that the verdict is against the manifest weight of the evidence, he also maintains that the trial court erred when it denied his Crim.R. 29 motion for acquittal and argues that there was insufficient evidence to support the elements of the offense. Thus, he is raising both sufficiency and weight arguments.
 {¶ 11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.State v. Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio-52, paragraph two of the syllabus. When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54,67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. However, under a manifest weight standard, the appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 12} All ten counts of the indictment alleged a violation of R.C.2903.11(B)(3), felonious assault. This section states:
 {¶ 13} "(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly do any of the following:
 {¶ 14} "* * *
 {¶ 15} "(3) Engage in sexual conduct with a person under eighteen years of age who is not the spouse of the offender."
 {¶ 16} At trial, Christian stipulated that he tested positive for HIV in 1998 and 2004, that S.D. is under 18 years of age, and that she is not his spouse. Thus, the only remaining element to be proven is whether the two engaged in sexual conduct. *Page 5 
Sexual conduct means vaginal intercourse, anal intercourse, fellatio and cunnilingus. R.C. 2903.11(E)(4); R.C. 2907.01(A).
 {¶ 17} Christian argues that the evidence was legally insufficient and that the conviction was against the manifest weight of the evidence because S.D. did not testify and could not testify as to every specific date that she and Christian engaged in sexual conduct. Furthermore, he contends that "[t]he Jury clearly could not reconcile that all of the elements of the crime were proven as they found the Appellant not guilty on Count Two, which was the same exact allegation as Counts Three, Four, Five, Six, Seven, Eight, Nine and Ten."
 {¶ 18} We find these arguments unpersuasive. S.D. testified at trial that she and Christian had about ten sexual encounters that consisted of vaginal, oral and anal sex. As is shown by the below testimony, she was only able to testify to three specific dates of when the sexual conduct occurred. However, her testimony does clearly establish nine distinct instances of sexual conduct between herself and Christian.
 {¶ 19} She stated that the first time she had sex with Christian was on December 4, 2005. (Tr. 90, 127). She indicated that this occurred in Steubenville, Ohio at the house of someone named Demetrius. S.D. explained that they had oral and vaginal sex that night. (Tr. 90-92, 127).
 {¶ 20} The next time they had a sexual encounter was in a Chevy Malibu. She indicated that she performed oral sex on him. (Tr. 94-96, 128).
 {¶ 21} The third time happened outside of S.D.'s friend's house in the Chevy Malibu. S.D. stated that they had vaginal sex. (Tr. 98-99, 130-131).
 {¶ 22} The next sexual encounter that S.D. testified about occurred at an isolated place off of Wolf Run Road in Amsterdam, Ohio. (Tr. 100, 131-134). They had vaginal sex. (Tr. 134).
 {¶ 23} S.D. testified that on a separate occasion at the location off of Wolf Run Road she had anal sex with Christian. (Tr. 101-102). She indicated that anal sex occurred only that one time. (Tr. 101-102).
 {¶ 24} Another time they had sexual contact occurred after one of her friend's parties. (Tr. 102-103, 134). S.D. explained that Christian picked her up from the party *Page 6 
in the Chevy Malibu, they went to the Wolf Run Road location and they had vaginal sex outside of the Malibu. (Tr. 103-104, 134).
 {¶ 25} One of the next times she had vaginal sex with Christian was in the back seat of his green Jaguar. (Tr. 106, 138). She explained that she was on her period and had to remove the tampon to have sex. (Tr. 106). She explained that they put a blanket beneath her and she used it to clean herself up after they were finished. (Tr. 107).
 {¶ 26} S.D. stated that the second to last time she had sexual contact with Christian was on February 20, 2006. She explained that she remembered this date because her friend was at the hospital giving birth and Christian drove her there to be with her friend. (Tr. 115). S.D. testified that she performed oral sex on him in the parking lot at the hospital. (Tr. 117).
 {¶ 27} S.D. testified that the last time she had sexual contact with Christian was on February 25, 2006. They had vaginal and oral sex at the isolated location off of Wolf Run Road. (Tr. 108). S.D. also indicated that she was on her period that day and had to remove a tampon. (Tr. 140). A discarded tampon was found by police at the location off of Wolf Run Road.
 {¶ 28} When this evidence is viewed in the light most favorable to the prosecution, it establishes nine distinct instances of sexual conduct between S.D. and Christian. The fact that the jury found him not guilty of count two in no way demonstrates that the evidence was not legally sufficient for the remaining counts. The indictment alleges ten separate incidents of sexual conduct between S.D. and Christian. On counts one and ten, the indictment alleged specific dates for when the sexual conduct allegedly occurred. S.D. testified that sexual conduct occurred at that time. Thus, for those two counts clearly there was sufficient evidence. For counts two through nine, however, the indictment alleged a time frame within which the sexual conduct occurred. As the above testimony shows, S.D. only testified to seven specific instances that happened during that time frame. Thus, there was sufficient evidence to prove seven of the counts that alleged sexual conduct occurred between December 5, 2005 and February 24, 2006. There was not, however, sufficient evidence to convict him on all eight instances that were alleged in counts two through nine. The *Page 7 
fact that there was not sufficient evidence for one count does not negate the sufficiency of the evidence for the remaining counts.
 {¶ 29} Furthermore, this court cannot find that the verdict of the jury was illogical or inconsistent. Given the fact that the evidence only clearly establishes seven instances that happened between the time frame of December 5, 2005 and February 24, 2006, it is obvious that the jury did not lose its way. It listened to the evidence, and found that only seven, not eight, sexual episodes occurred within the relevant time frame. Thus, it found him guilty of seven of the eight counts that contained the December 5, 2005 through February 24, 2006 time frame. The evidence supports the conclusion that a diligent jury listened to the evidence and applied the evidence to the instruction of law.
 {¶ 30} Moreover, DNA evidence also insinuated sexual conduct between S.D. and Christian. Christian's semen was found in S.D.'s shorts. Furthermore, a blanket S.D. used to clean herself after allegedly having sex with Christian while on her period contained semen from Christian and DNA from S.D. Thus, considering the DNA evidence along with S.D.'s testimony, it must be concluded that the conviction was not against the manifest weight of the evidence.
 {¶ 31} To sum up, the state presented sufficient evidence to prove the elements of felonious assault beyond a reasonable doubt and the conviction was not against the manifest weight of the evidence. This assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR {¶ 32} "THE TRIAL COURT ERRED BY IMPOSING FIVE CONSECUTIVE SENTENCES ON THE FIRST FIVE COUNTS. (TR 233, LINES 2-10)"
 {¶ 33} As stated above, Christian was found guilty of nine counts of felonious assault. For each count he received an eight year sentence. The trial court ordered counts one, three, four, five and six to run consecutively. On the remaining counts, seven, eight, nine and ten, the trial court ordered the sentences to run concurrently with all other counts. Thus, Christian received a net prison term of forty years.
 {¶ 34} Christian argues that the trial court erred in sentencing him to consecutive sentences without justifying it. He cites State v.Cremeens, 4th Dist. No. 06CA646, 2006-Ohio-7092, for the position that absent a joint recommendation of *Page 8 
sentence, the court must justify its sentence. He contends that to justify consecutive sentences, the trial court was required to articulate the three part finding required by R.C. 2929.14(E) and to provide reasons supporting those findings.
 {¶ 35} His argument is unfounded. Christian recognizes in the first sentence of his argument that the Ohio Supreme Court has rendered sections of Ohio's sentencing statutes unconstitutional. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. R.C. 2929.14(E)(4), the section dealing with findings for the imposition of consecutive sentences, is one of the sections rendered unconstitutional in Foster. It was found unconstitutional and severed from the statute because it required judicial fact finding. Thus, R.C. 2929.14(E)(4) is no longer law and, as such, this court cannot order a trial court to apply law that has been determined to be unconstitutional.
 {¶ 36} Furthermore, Cremeens does not support Christian's argument. Despite Christian's insistence, Cremeens did not hold that "absent a joint recommendation of sentence, the Court must justify the sentence unless there is a joint recommendation." Appellant's Brief. Christian is misunderstanding the Cremeens case.
 {¶ 37} In Cremeens, there was a joint recommendation of a sentence. The joint recommendation, which contained a consecutive sentence, was adopted by the trial court. Cremeens appealed and argued that the trial court erred when it imposed the jointly recommended sentence because it did not make consecutive sentence findings pursuant to R.C.2929.14(E)(4).
 {¶ 38} The Fourth Appellate District explained that pursuant to R.C.2953.08(D) a jointly recommended sentence is protected from review because once a "defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." Cremeens, 4th Dist. No. 06CA646, 2006-Ohio-7092, ¶ 10, quoting State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.
 {¶ 39} It then provided additional reasoning as to why the trial court did not commit error when it sentenced Cremeens to consecutive sentences. It reiterated that Foster rendered R.C. 2929.14(E)(4), which required consecutive sentence findings, unconstitutional. It then added that "[t]rial courts have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum *Page 9 
sentences." Cremeens, 4th Dist. No. 06CA646, 2006-Ohio-7092, ¶ 11, citing Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Sentencing courts are merely required to "consider" statutory factors in sentencing. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 42. The Cremeens court then added:
 {¶ 40} "Similarly, the [trial] court's imposition of consecutive sentences is not contrary to law because, pursuant to the Supreme Court's holding in Foster, supra, trial courts possess the discretion to impose consecutive prison terms without any judicial fact finding."Cremeens, 4th Dist. No. 06CA646, 2006-Ohio-7092, ¶ 12, citingFoster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 96 and 99.
 {¶ 41} Therefore, Cremeens did not hold that justification was required for the imposition of consecutive sentences. The trial court was acting within its discretion when sentencing Christian to consecutive sentences.
 {¶ 42} Christian makes one additional argument that the trial court, when sentencing Christian, improperly considered that he chose to go to trial instead of taking the plea agreement. Christian references this court to the following statement vocalized by the court:
 {¶ 43} "I see no sign of remorse. Quite frankly, I'm not sure why we tried this case. I think counsel didn't want to try this case. I think we tried it because his client wouldn't listen to him. And that's why the victim got drug through all this again. I really can't hold that against him but he gets no credit for remorse because there's no remorse of any kind here." (Tr. 231).
 {¶ 44} As stated above, we review the trial court's sentence for an abuse of discretion. At the time the trial court made the above statement, it was properly considering factors under R.C. 2929.12(D) concerning whether recidivism was more likely. Remorse is one of the factors listed. R.C. 2929.15(D)(5). Thus, its statement as to remorse, and that it could find no genuine remorse, was an appropriate finding.
 {¶ 45} The statement about the case going to trial instead of taking the plea agreement does not display an abuse of discretion. The trial court correctly indicated that it could not hold against Christian the fact that he chose to go to trial instead of taking the plea agreement. The fact that it stated it did not know why this case went to trial is not enough to show that the trial court used that factor against Christian, *Page 10 
especially in light of the trial court's statement that it did not. Thus, we find no abuse of discretion in the sentencing. Consequently, this assignment of error raises no meritorious arguments.
 THIRD ASSIGNMENT OF ERROR {¶ 46} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR."
 {¶ 47} Christian argues that the evidence before the court did not sufficiently establish that he was a sexual predator. Thus, according to Christian, the sexual predator classification should be set aside.
 {¶ 48} The offense of felonious assault, R.C. 2903.11, when committed with a sexual motivation is a sexually oriented offense. R.C.2950.01(D)(1)(c). In the instant case, it must be concluded that the felonious assault conviction, R.C. 2903.11(B)(3), was sexually motivated. An offender having sexual conduct with a person under 18 years of age who is not their spouse when the offender knows he is HIV positive is felonious assault that has a sexual motivation.
 {¶ 49} An offender can be designated a sexual predator if the offender is sentenced for a sexually oriented offense that is not registration-exempt and the sentencing judge determines, pursuant to division R.C. 2950.09(B), that the offender is a sexual predator. R.C.2950.01(G)(2).
 {¶ 50} R.C. 2950.09(B) states that the sentencing judge shall hold a hearing to determine whether the offender is a sexual predator. At the hearing, both the state and the offender may present evidence, call and examine witnesses, cross-examine witnesses and the offender may testify. R.C. 2950.09(B)(2).
 {¶ 51} In making the determination as to whether an offender is a sexual predator, the court shall consider: 1) the offender's age; 2) the offender's prior criminal record, including, but not limited to, all sexual offenses; 3) the age of the victim; 4) whether the offense involved multiple victims; 5) whether the offender used drugs or alcohol to impair the victim; 6) if the offender that has previously been convicted of a sex offense or a sexually oriented offense participated in available programs for sexual offenders; 7) mental illness or disability of the offender or victim; 8) if the offender's conduct was a demonstrated pattern of abuse; 9) if the offender displayed cruelty or *Page 11 
made threats of cruelty during the commission of the sexually oriented offense; and 10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 52} After hearing arguments, the trial court concluded by clear and convincing evidence that Christian is a sexual predator. Christian argues that he could not be found a sexual predator because his history of offenses were registration exempt offenses. He states that to name him a sexual predator in light of that is a violation of R.C.2950.01(E)(1). Subsection (E)(1) of R.C. 2950.09 states that a sexual predator is a person that "has been convicted of * * * a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 53} His argument is both factually and legally unfounded. The information during the sentencing/sexual predator hearing indicated that at the time he committed this offense he was a sexually registered offender. (Tr. 224-225). This occurred from the 2004 Ohio case that resulted in a Gross Sexual Imposition (GSI) conviction that required him to register for ten years. (Tr. 225). Thus, he was factually wrong to state that his history of offenses were registration-exempt offenses.
 {¶ 54} Furthermore, the definition of a sexual predator in R.C.2950.01(E)(1) does not indicate that an offender cannot be labeled a sexual predator if they have not been convicted of a sexually oriented offense other than one at issue in the case. The first time an offender commits a sexually oriented offense he may be labeled a sexual predator under the R.C. 2950.01(E)(1) definition of sexual predator. Thus, the argument is also legally flawed.
 {¶ 55} Additionally, the trial court, in coming to its determination that Christian is a sexual predator, reviewed Christian's criminal history and relied on his Pennsylvania convictions. In Pennsylvania, Christian was convicted of indecent assault, simple assault and terroristic threats. (Tr. 224). Reliance on those cases is permitted under R.C. 2950.09(B)(3)(b). However, the trial court characterizes those convictions as sex offenses. Nothing indicates that those offenses required registration. They may have been some sort of sex offense, but from the record it is unclear. That said, even if the trial court's categorization of the crimes as sex offenses was incorrect, there is no error *Page 12 
here considering that the trial court also considered the 2004 GSI conviction, which was a sex offense and required reporting.
 {¶ 56} In addition to considering Christian's prior record, the trial court also considered other factors listed in R.C. 2950.09(B)(3). The victim's age was discussed, R.C. 2950.09(B)(3)(c). (Tr. 224, 230). Furthermore, Christian's past conduct in the commission of the GSI and not informing his victim in that case of his HIV status was also referenced, R.C. 2950.09(B)(3)(h). (Tr. 224). There was also mention of the fact that this case involved no force or threat of force, R.C.2950.09(B)(3)(i). (Tr. 228).
 {¶ 57} Considering the evidence, this court finds no error with the sexual predator label. The evidence supports the finding. Christian's past acts, his acts during this occurrence and his disregard for informing others that he engages in sexual activity with of his HIV status make him more likely to commit future sexually oriented offenses. There was sufficient evidence to support the finding. This assignment of error lacks merit.
 {¶ 58} For the foregoing reasons, the judgment of the trial court is hereby affirmed. Equally, the sexual predator finding is also affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1