[Cite as *State v. Christian*, 2025-Ohio-1817.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff- Appellee,

v.

WAYNE CHRISTIAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  07 JE 0009

---

Application for Reopening

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff- Appellee and

*Wayne Christian*, pro se.

Dated:  May 21, 2025

**PER CURIAM.**

{¶1} Appellant Wayne Christian seeks to reopen his direct criminal appeal pursuant to App.R. 26(B). Appellee, the state of Ohio, has not filed a response. This is Appellant's third application for reopening in this matter. For the following reasons, the application is denied.

{¶2} Appellant was convicted of nine counts of felonious assault in violation of R.C. 2903.11(B)(3) in the Jefferson County Court of Common Pleas. On appeal, Appellant raised three assignments of error, including arguments about the weight and sufficiency of the evidence; his classification as a sexual predator; and the imposition of consecutive sentences. On December 28, 2007, we affirmed his convictions, concluding each of his arguments lacked merit. *State v. Christian*, 2007-Ohio-7205 (7th Dist.). In January of 2010, the Ohio Supreme Court denied his motion for a delayed appeal.

{¶3} In September of 2011, this court denied Appellant's first application for reopening as untimely. He did not set forth good cause. (October 14, 2011 Judgment.) Appellant then filed a motion for reconsideration, which we overruled. (November 3, 2011 Judgment.) Appellant filed a second application for delayed reopening in March of 2015, which we denied. Appellant subsequently filed a motion for declaratory judgment with this court in December of 2015, which we declined to address based on a lack of jurisdiction. (January 29, 2016 Judgment.) Appellant again filed a motion for reconsideration, which we overruled. (March 30, 2020 Judgment.)

{¶4} Appellant now identifies three proposed assignments of error, which he believes his appellate counsel should have raised in his direct appeal. Appellant's proposed assignments of error contend:

"[1.] Christian was denied his federal and state due process rights to adequate notice, as Counts 2 through 9 in his indictment were not charged with sufficient specificity.

"[2.] The trial court erred in sentencing Christian to a mandatory five (5) year term of post-release control.

"[3.] Christian received ineffective assistance of trial counsel [based on counsel's failure to raise the first proposed assigned error]."

**{¶5}** A criminal defendant may apply for the reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error (or an argument in support of an assignment of error) that previously was not considered on the merits (or that was considered on an incomplete record) because of appellate counsel's allegedly deficient representation. App.R. 26(B)(1), (B)(2)(c).

**{¶6}** "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). Appellant's burden per App.R. 26(B) is to show there is a genuine issue as to whether he was deprived of the effective assistance of appellate counsel; an appellant is not required to conclusively establish ineffective assistance of appellate counsel. *State v. Leyh*, 2022-Ohio-292. Thus, when addressing an application to reopen, we consider the two-part test for ineffective assistance of counsel upon considering whether there is a genuine issue as to whether counsel's performance was deficient and resulted in prejudice. *State v. Tenace*, 2006-Ohio-2987, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If there is no genuine issue regarding whether counsel's performance was deficient, then there is no need to review for prejudice and vice versa. *Id.*

**{¶7}** App.R. 26(B)(1) states: "An application for reopening *shall* be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." (Emphasis added.) Absent a showing of good cause, the application must be denied. *State v. Hoffner*, 2007-Ohio-376, ¶ 3. Good cause in this context is a difficult standard to satisfy and requires more than a conclusory allegation. The consistent enforcement of the deadline protects the finality of judgments and ensures that ineffective assistance of appellate counsel claims are promptly examined. *Id.* ¶ 8, citing *State v. Gumm,* 2004-Ohio-4755, ¶ 7.

**{¶8}** Here, Appellant filed his application for reopening April 3, 2025—more than 17 years after our opinion. As cause for his untimeliness, Appellant claims his application arises from and heavily relies on a newly released case, i.e., *State v. Rodriguez*, 2025-Ohio-53, ¶ 33 (1st Dist.). Appellant relies on this case in support of his first and third proposed assignments of error, not the second.

**{¶9}** Appellant's second proposed assigned error asserts the trial court misapplied applicable statutes and incorrectly ordered him to serve five years post-release control. Thus, Appellant could have raised this issue in his direct appeal.

**{¶10}** As for Appellant's proposed first and third assignments, the *Rodriguez* case found plain error based on the trial court's failure to provide the jury with instructions or jury forms that specified which conduct was the basis for each count of the indictment. *Id.* at ¶ 76. Rodriguez had argued plain error in the jury instructions and asserted "the jury's two questions submitted during deliberations evinced the jury's inability to determine what conduct served as the basis for each count." *Id.* at ¶ 28.

**{¶11}** Although *Rodriguez* was decided after our decision in this case, the law it employed in reaching its decision was not new. The court in *Rodriguez* analyzed cases from 2005, 2006, and 2007, among others, when evaluating the arguments about differentiation of the charges and juror confusion. *Id.* at 34. Thus, while the *Rodriguez* case was new, the law and argument were not. Appellant could have filed a timely application under App.R. 26(B) and raised this argument in 2007. *See State v. Gumm*, 2004-Ohio-4755, ¶ 9. Thus, we decline to find good cause exists for Appellant to file his application 17 years late.

**{¶12}** Appellant did not file his application for reopening on time, and he has not shown good cause for the late filing. The application is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**