OPINION
{¶ 1} Defendant-appellant Michael Hayes appeals his April 8, 2005 sentence entered by the Muskingum County Court of Common Pleas on one count of possession of crack cocaine, a violation of R.C. 2925.11(A), a felony of the second degree, and one count of possession of marijuana, a minor misdemeanor. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 1, 2005, appellant was arrested and charged with possession of crack cocaine, with a forfeiture specification, a felony of the first degree, and possession of marijuana, a minor misdemeanor. On March 7, 2005, appellant plead guilty to possession of crack cocaine, in violation of R.C.2925.11(A), a felony of the second degree, and to the minor misdemeanor of possession of marijuana. Via Judgment Entry of April 8, 2005, the trial court sentenced appellant to three years incarceration and ordered him to pay a mandatory fine of $15,000. Appellant now appeals, assigning as error:
 {¶ 3} "I. THE COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE IN THAT HE HAD NOT EVER SERVED A PRISON SENTENCE BEFORE.
 {¶ 4} "II. THE COURT ERRED IN SENTENCING APPELLANT TO THREE YEARS, IN VIOLATION OF BLAKELY V. WASHINGTON (2004), ___ U.S. ___, 124 S. CT 2531; 159 L ED 2D 403.
 {¶ 5} "III. THE COURT ERRED IN SENTENCING APPELLANT TO A MANDATORY FINE WHEN HE HAD FILED AN AFFIDAVIT OF INDIGENCY AND THE COURT FOUND APPELLANT INDIGENT."
 I, II {¶ 6} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 7} Appellant asserts the trial court erred in imposing more than the minimum sentence pursuant to R.C. 2929.14(B), as he had not previously served a prison term. Appellant further maintains the trial court erred in sentencing appellant in violation of Blakely v. Washington, supra.
 {¶ 8} Subsequent to the filing of the briefs in this matter, the Ohio Supreme Court issued its decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, holding R.C. 2929.14(B) and (C) and 2929.19(B)(2), requiring judicial fact-finding before the imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, are unconstitutional. The Supreme Court severed the statutes, and held judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant.
 {¶ 9} Accordingly, Blakely applies to Ohio's sentencing guidelines, and in accordance with the directives of the Supreme Court in Foster, we sustain appellant's assignments of error and reverse and remand this matter to the trial court for re-sentencing pursuant to Foster.
 III {¶ 10} In the third assignment of error, appellant asserts the trial court erred in sentencing appellant to a mandatory fine despite his having filed an affidavit of indigency.
 {¶ 11} R.C. 2929.18 states, in pertinent part
 {¶ 12} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23
of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 13} "(3) Except as provided in division (B)(1), (3), or (4) of this section, a fine payable by the offender to the state, to a political subdivision when appropriate for a felony, or as described in division (B)(2) of this section to one or more law enforcement agencies, in the following amount:
 {¶ 14} * * *
 {¶ 15} "(b) For a felony of the second degree, not more than fifteen thousand dollars;
 {¶ 16} * * *
 {¶ 17} "(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. Ifan offender alleges in an affidavit filed with the court prior tosentencing that the offender is indigent and unable to pay themandatory fine and if the court determines the offender is anindigent person and is unable to pay the mandatory fine describedin this division, the court shall not impose the mandatory fineupon the offender." (Emphasis added.)
 {¶ 18} At the April 4, 2005 sentencing hearing, the trial court stated:
 {¶ 19} "The Court will also order the $4,362 that we seized from you be forfeited. I will impose the $15,000 mandatory fine. The Court finds that you had over $4000 on you at the time of your arrest. You'll have — I have a hard time finding that you were indigent."
 {¶ 20} Appellant cites his guilty plea to the request for forfeiture of significant money, leaving him without any assets, and asserts the trial court erred in imposing the mandatory fine pursuant to R.C. 2929.18 without first determining his indigent status.
 {¶ 21} Upon review, we find the trial court did not adequately determine whether appellant is an indigent person unable to pay the mandatory fine, prior to imposing the same. Therefore, we further reverse and remand the matter to the trial court for a determination as to appellant's indigence prior to the imposition of the mandatory fine.
 {¶ 22} Appellant's third assignment of error is sustained.
 {¶ 23} The April 8, 2005 Judgment Entry of the Muskingum County Court of Common Pleas is reversed and remanded.
Hoffman, J. Gwin P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is reversed and remanded. Costs assessed to appellee.