OPINION
{¶ 1} Appellant Jamie Covington ("appellant") appeals the sentence and fine imposed by the Licking County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On March 30, 2005, the Muskingum County Grand Jury indicted appellant for one count of complicity to trafficking in crack cocaine within the vicinity of a school; one count of possession of crack cocaine with a forfeiture specification; one count of possession of crack cocaine with a forfeiture specification and a major drug offender specification; one count of carrying a concealed weapon; and one count of obstructing official business. As a result of these charges, appellant faced a potential maximum sentence of thirty-seven and one-half years.
 {¶ 3} On April 6, 2005, appellant appeared for his arraignment and entered a plea of not guilty. Subsequently, on June 6, 2005, appellant withdrew his former plea of not guilty and entered a plea of guilty to an amended indictment. Appellant's change of plea was the result of plea negotiations. Appellee agreed to nolle the major drug offender specification and recommend a prison term of nine years. In return, appellant agreed to enter guilty pleas to the amended indictment, accept the recommendation of a nine-year prison term and forfeit all items contained in the forfeiture specifications in the indictment. This agreement reached between the parties was set forth in a written plea form.
 {¶ 4} Prior to accepting appellant's change of plea, the trial court reviewed the plea form with appellant. The trial court concluded appellant's change of plea was knowing and voluntary and accepted appellant's plea of guilty to the amended charges. On July 11, 2005, appellant appeared before the trial court for sentencing. Pursuant to the plea agreement, the trial court sentenced appellant to nine years in prison and ordered him to pay a $10,000.00 fine.
 {¶ 5} Appellant filed a delayed appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO AN AGGREGATE NINE YEAR TERM, BY GIVING UNDUE WEIGHT TO AN UNSPECIFIED OUT-OF-COURT STATE CONVICTION.
 {¶ 7} "II. THE COURT ERRED IN SENTENCING APPELLANT TO NINE YEARS, IN VIOLATION OF BLAKELY V. WASHINGTON, 124 SUPREME COURT 2531 (2004) AND STATE V. COMER, 99 OHIO ST.3D 463, 2003-OHIO4165.
 {¶ 8} "III. THE COURT ERRED IN IMPOSING A MANDATORY FINE OF TEN THOUSAND DOLLARS ($10,000.00) WHEN APPELLANT HAD FILED AN AFFIDAVIT OF INDIGENCY AND THE COURT FOUND APPELLANT INDIGENT."
 I, II {¶ 9} We will address appellant's First and Second Assignments of Error simultaneously as both concern sentencing issues. In his First Assignment of Error, appellant contends the trial court erred when it sentenced him to an aggregate nine-year prison term by giving undue weight to an unspecified out-of-state conviction. Second, appellant maintains the trial court erred when it sentenced him to a nine-year prison term in violation ofBlakely v. Washington and State v. Comer. We disagree with both assignments of error.
 {¶ 10} The record in this matter establishes the state and appellant jointly recommended the sentence imposed by the trial court. See Tr. Sentencing Hrng., July 11, 2005, at 6-7. R.C.2953.08(D) provides:
 {¶ 11} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 12} "Under the statute, `[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" State v.Hammond, Cuyahoga App. No. 86192, 2006-Ohio-1570. Further, as set forth in the above statute, a jointly recommended sentence is not subject to review "if the sentence is authorized by law." "`A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense.'" [Citations omitted.] Id. at ¶ 10.
 {¶ 13} In Hammond, the Eighth District Court of Appeals addressed the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, as applied to jointly recommended sentences. The court concluded "* * * sentencing courts are no longer required to provide findings and reasons for imposing these sentences. The failure to provide such findings in the case at bar, therefore, could not cause the sentence to be other than `authorized by law.'" Id. at ¶ 14.
 {¶ 14} Accordingly, the sentence jointly recommended by the parties in the case sub judice and imposed by the trial court was authorized by law because it did not exceed the maximum term proscribed by statute. As such, appellant's sentence is not subject to review pursuant to R.C. 2953.08(D).
 {¶ 15} Appellant's First and Second Assignments of Error are overruled.
 III {¶ 16} In his Third Assignment of Error, appellant contends the trial court erred when it imposed a mandatory fine of $10,000.00 when he filed an affidavit of indigency and the trial court found him indigent. We agree.
 {¶ 17} R.C. 2929.18(B)(1) provides:
 {¶ 18} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 {¶ 19} At the sentencing hearing conducted on July 11, 2005, defense counsel renewed his motion to waive the fines based on indigency. Appellant cites his guilty plea to the request for forfeiture, which included $6,090.96 in cash, leaving him without any assets. Counsel had an affidavit of indigency prepared to present to the trial court. Tr. Sentencing Hrng., July 11, 2005, at 10. The trial court responded that "[t]he fact that he had $6,000 on him at the time of his arrest, I'm going to impose the $10,000 fine." Id.
 {¶ 20} We recently concluded, in State v. Hayes, Muskingum App. No. CT05-0025, 2006-Ohio-1467, that a similar statement[1] made by the trial court did not adequately determine whether the defendant was an indigent person unable to pay the mandatory fine prior to imposing the same. Id. at ¶ 21. Therefore, we reversed and remanded the matter to the trial court for a determination as to the defendant's indigence prior to the imposition of the mandatory fine. Based upon our prior decision in Hayes, we sustain appellant's Third Assignment of Error.
 {¶ 21} For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Costs assessed to Appellee.
[1] Specifically, in Hayes, the trial court stated, "I will impose the $15,000 mandatory fine. The Court finds that you had over $4,000 on you at the time of your arrest. You'll have-I have a hard time finding that you were indigent." Id. at ¶ 19.