OPINION
{¶ 1} Defendant-appellant, Joshua A. Baird, appeals his sentence in the Columbiana County Common Pleas Court for gross sexual imposition and rape.
 {¶ 2} On October 31, 2002, a Columbiana County grand jury indicted appellant on two counts. Count I was for rape, in violation of R.C.2907.02(A)(1)(b), a first-degree felony. Count II was for gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony. Appellant pleaded not guilty, and the case proceeded to discovery and other pretrial matters.
 {¶ 3} On June 13, 2004, appellant entered into a felony plea agreement with plaintiff-appellee, State of Ohio. Appellant agreed to plead guilty to both counts in the indictment. In exchange, appellee agreed to recommend an eight-year term of incarceration for the rape charge and a three-year term of incarceration for the gross sexual imposition charge, to be served consecutively with one another.
 {¶ 4} Appellee also recommended that appellant be designated a sexual predator. That recommendation was not part of the felony plea agreement and appellant's counsel argued against such a classification at sentencing.
 {¶ 5} On August 11, 2003, the trial court sentenced appellant to a total term of incarceration of eleven years pursuant to the felony plea agreement. The court also found that there was clear and convincing evidence that appellant is a sexual predator.
 {¶ 6} Almost two and half years later, appellant filed with this Court a motion for leave to file a delayed appeal. After initially denying appellant's motion, this Court later reconsidered and granted it on May 26, 2006.
 {¶ 7} Appellant has filed a pro se brief setting forth four assignments of error. Since appellant's first three assignments of error have a common basis of resolution in law, they will be addressed together. They state respectively:
 {¶ 8} "THE APPELLANT WAS DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW WHERE THE TRIAL COURT DID NOT COMPORT WITH OHIO'S SENTENCING STRUCTURE AT THE TIME OF SENTENCING."
 {¶ 9} "THE SENTENCES IMPOSE [sic] VIOLATED THE APPELLANT'S *Page 2 
RIGHTS UNDER THE EIGHT [sic] AMENDMENT, SB 2, AND STATUTE BECAUSE THEY WERE DISPROPORTIONATE AND IN DISPARITY TO OTHER SENTENCES IMPOSED IN OHIO[.]"
 {¶ 10} "THE APPELLANT'S SENTENCES FOR RAPE AND GROSS SEXUAL IMPOSITION ARE ALLIED OFFENSES OF SIMILAR IMPORT, THEREFORE, THE COURT VIOLATED THE APPELLANT'S RIGHTS AGAINST DOUBLE JEOPARDY AND STATUTE BY ENTERING A CONVICTION FOR BOTH OFFENSES AND SENTENCING CONSECUTIVELY."
 {¶ 11} In this case, appellant's sentence is not subject to appellate review. Neither the defendant nor the prosecution may appeal from a sentence that is recommended by both parties and is authorized by law. R.C. 2953.08(D)(1) states, in relevant part:
 {¶ 12} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 13} A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 14} Specifically, concerning appellant's Foster argument, "The Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law." State v. Byer, 7th Dist. No. 05 CA 827,2006-Ohio-3093, at ¶ 4.
 {¶ 15} The parties herein negotiated a plea agreement for an eight-year term of imprisonment for the rape charge and a three-year term of imprisonment for the *Page 3 
gross sexual imposition charge, to be served consecutively with one another. The written agreement was signed and dated by all parties on June 13, 2003 and entered into the record orally at the change of plea hearing that same day, and reiterated at the sentencing hearing on August 11, 2003. At the sentencing hearing, appellant's counsel specifically asked that the trial court accept the sentences as proposed by appellee. (August 11, 2003 Sentencing Hearing Transcript, p. 28.) Therefore, both appellee and appellant jointly recommended the agreement, and the trial court accepted the agreement and later imposed the recommended sentences.
 {¶ 16} The sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since appellant's sentence was jointly recommended, authorized by law, and imposed by the sentencing judge, he cannot appeal that sentence.
 {¶ 17} Accordingly, appellant's first, second, and third assignments of error are without merit.
 {¶ 18} Appellant's fourth assignment of error states:
 {¶ 19} "THE APPELLANT'S SEXUAL PREDATOR DESIGNATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 {¶ 20} Appellant argues that his sexual predator designation was against the manifest weight of the evidence. Also, appellant argues that the trial court, in its judgment entry of sentence, did not specify that the sexual predator designation was made pursuant to R.C. 2950.09(B),after considering all of the factors.
 {¶ 21} Appellee argues that there was clear and convincing evidence before the trial court to support its designating appellant as a sexual predator. Specifically, appellee points out the following: (1) the victim's age — four-years-old; (2) the victim's relationship to appellant — biological daughter; (3) appellant abused his position of authority to facilitate the offense; (4) more than one sexually oriented offense occurred; (5) at the time of the sexual predator adjudication, appellant was under indictment in Mahoning County for the alleged rape of a two-year-old girl; and (6) *Page 4 
appellant had been discharged from the military based upon a charge of sexual misconduct with children.
 {¶ 22} A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E)(1). Sexual predator classification proceedings are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. State v. Hardie (2001),141 Ohio App.3d 1, 4, 749 N.E.2d 792; R.C. 2950.09(B)(4). An appellate court will not reverse a trial court's sexual predator determination if it is supported by competent, credible evidence. Id. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. Id.
 {¶ 23} When determining whether an offender is a sexual predator, the court must consider, in addition to any other relevant factors:
 {¶ 24} "(a) The offender's * * * age;
 {¶ 25} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 28} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual *Page 5 
offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 31} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 34} R.C. 2950.09 itself does not require the court to state its reasons for determining that the offender is a sexual predator. However, in State v. Thompson (2001), 92 Ohio St.3d 584, 588, 752 N.E.2d 276, the Ohio Supreme Court stated that the trial court should consider these statutory factors and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. This court has interpreted this statement to mean that the trial court must discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of committing a future sexually oriented offense. State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 49.
 {¶ 35} In this case, however, the trial court merely stated, "I'm also going to enter a finding based on the factors that I am supposed to consider pursuant to Ohio Revised Code § 2950.09(B)(2), that you are a sexual predator." (August 11, 2003 Sentencing Hearing Tr. 36-37.) The trial court's judgment entry was no more revelatory. It stated in relevant part:
 {¶ 36} "This matter is also before the Court for determination as to whether the Defendant shall be designated a Sexual Predator pursuant to O.R.C. § 2950.01 et seq. *Page 6 
 {¶ 37} "The State presented evidence.
 {¶ 38} "Upon consideration of the statutory factors set forth in O.R.C. 2950.09, the Court hereby determines the Defendant to be a `Sexual Predator' in accordance with the provisions of O.R.C. § 2950. * * *" (August 11, 2003 Judgment Entry, p. 2-3.)
 {¶ 39} The court did not discuss on the record any particular evidence or factors upon which it relied. Furthermore, the trial court's judgment entry does not provide any reasons for the classification.
 {¶ 40} Accordingly, appellant's fourth assignment of error has merit.
 {¶ 41} Based on our resolution of appellant's fourth assignment of error, the trial court's judgment classifying appellant as a sexual predator is hereby reversed and this cause is remanded to the trial court to issue findings and appropriate entries, based on the existing record, with respect to appellant's classification as a sexual predator according to law and consistent with this opinion. The remainder of the trial court's judgment is hereby affirmed in its entirety.
 Waite, J., concurs DeGenaro, P.J., concurs *Page 1