OPINION
{¶ 1} Defendant-Appellant Joshua A. Knisely ("Knisely") appeals from the July 30, 2007 Judgment Entry and Order of Sentencing of the Hancock County Court of Common Pleas sentencing him to eight years in prison.
 {¶ 2} On April 5, 2005 a Hancock County Grand Jury returned an indictment, charging Knisely with the following seven counts: Count One, Possession of Cocaine, a felony of the fourth degree in violation of Ohio Revised Code section 2925.11(A) with a firearm specification in violation of R.C. 2941.141; Count Two, Trafficking in Cocaine, a felony of the third degree in violation of R.C. 2925.03(A); Count Three, Trafficking in Cocaine, a felony of the third degree in violation of R.C. 2925.03(A); Count Four, Trafficking in Cocaine, a felony of the second degree in violation of R.C. 2925.03(A); Count Five, Trafficking in Lysergic Acid Diethylamide ("LSD"), a felony of the third degree in violation of R.C. 2925.03(A); Count Six, Possession of Marijuana, a felony of the fifth degree in violation of R.C. 2925.11(A); and Count Seven, Possession of LSD, a felony of the fifth degree in violation of R.C. 2925.11(A).
 {¶ 3} On May 22, 2007 Knisely entered into a plea agreement wherein he agreed to plead guilty to all seven counts contained in the indictment in exchange for the State filing a motion to dismiss the firearm specification as contained in *Page 3 
Count One. On this same date, the trial court granted the State's motion to dismiss the firearm specification contained in Count One.
 {¶ 4} On June 25, 2007 the trial court filed a Judgment Entry wherein the court accepted Knisely's pleas of guilty and continued this matter for sentencing. On July 11, 2007 the trial court conducted Knisely's sentencing hearing and on July 30, 2007 the court issued its Judgment Entry and Order of Sentencing wherein the court sentenced Knisely to an aggregate term of eight years in prison.
 {¶ 5} The trial court also ordered that Knisely's operator's license be suspended for a period of five years as to each count, to be served concurrently. Additionally, the trial court ordered that Knisely pay all costs of prosecution, a mandatory fine in the amount of $5,000.00 as to each Count Two and Count Three, and a mandatory fine in the amount of $7,500.00 as to Count Four for a total aggregate mandatory fine of $17,500.00 to which he was allowed to apply the proceeds of the sale of firearms found in his possession.
 {¶ 6} Knisely now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT DENIED MR. KNISELY DUE PROCESS OF LAW, BY SENTENCING HIM TO MAXIMUM AND CONSECUTIVE TERMS OF IMPRISONMENT, INVOLATION OF THE EX POST FACTO DOCTRINE. FOURTEENTH AMENDMENT, ARTICLE I, SECTION X, UNITED STATES CONSTITUTION (SENTENCING T. p. 16-17; JULY 100, 2007 JUDGMENT ENTRY (SENTENCING)). *Page 4 
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN SENTENCING MR. KNISELY TO SERVE CONSECUTIVE PRISON TERMS. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION. (SENTENCING T. p. 16-17; JULY 11, 2007 JUDGMENT ENTRY (SENTENCING)).
 ASSIGNMENT OF ERROR NO. 3 JOSHUA KNISELY WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL. SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I, OHIO CONSTITUTION. (SENTENCING T. p. 16-17; JULY 11, 2007 JUDGMENT ENTRY (SENTENCING)).
 {¶ 7} As a preliminary matter, we note that R.C. 2953.08 governs appeals based on felony sentencing guidelines and R.C. 2953.08(D)(1) specifically provides as follows: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 8} In the present case, Knisely initially entered a plea of not guilty to each of the seven counts contained in the indictment, including the firearm specification relating to Count One. However, on May 22, 2007 the parties appeared for a change of plea hearing wherein Knisely's attorney advised the court of Knisely's intention to tender pleas to the underlying offenses. Additionally, the State advised the court, in relevant part, of the sentencing recommendation that the *Page 5 
State and Knisely's counsel had agreed upon. Specifically, the State advised the court, in relevant part, as follows:
 The parties have agreed that we would structure an 8 year prison sentence, with the mandatory prison terms contained in counts two, three, and four, all being served concurrently, for a total of five years. And then the sentences in counts one, five, six, and seven, all aggregating a total of 3 years, and that the sentences for the 5 year mandatory, and the 3 year for the non-mandatory offenses would then be served consecutive, for a total of 8 years. I believe I said that correctly in terms of the mandatories being concurrent. The non-mandatory sentences being concurrent, but the two being consecutive. So the five year mandatory term would be served first followed by the three year non-mandatory term.
 I would indicate, Your Honor, we structured that specifically so the Defendant would be eligible for judicial release upon completion of the five year mandatory term. And it's the State's understanding that Mr. Knisely would apply for judicial release at that time.
(See May 22, 2007 Transcript of Change of Plea Hearing, pp. 7-8.)
 {¶ 9} Our review of the May 22, 2007 transcript also reveals that Knisely's counsel agreed with the State's recitation of the sentencing recommendation and declined to add anything further to the sentencing recommendation.
 {¶ 10} On July 11, 2007 the trial court conducted Knisely's sentencing hearing and on July 30, 2007 the court issued a Judgment Entry and Order of Sentencing wherein the court sentenced Knisely as follows: *Page 6 
 It is therefore ORDERED that the Defendant serve as to Count One of the Indictment a term of twelve (12) months in prison; as to each Count Two, Count Three, and Count Four a mandatory term of five (5) years in prison; as to Count 5, a term of three (3) years in prison; and as to each Count Six and Count Seven, a term of twelve (12) months in prison. Further, the Court Ordered that the sentences imposed as to Count One, Count Two, Count Three, and Count Four shall be served concurrently, one with the other, for a total of five (5) years in prison; that the sentences imposed as to Count Five, Count Six, and Count Seven, shall be served concurrently, for a total of three (3) years; and that these sentences shall be served consecutively, one after the other, for an aggregate total of eight (8) years in prison.
 {¶ 11} Although the trial court combined the charges in a slightly different arrangement in order to reach the eight year aggregate sentence set forth in the plea agreement, the distinction is without any practical difference. Our review of the record reveals that the aggregate prison term of eight years imposed by the trial court is the same as the aggregate eight year term recommended by the parties. Additionally, the individual sentence for each of the seven counts imposed by the trial court is the exact sentence recommended by the parties, for each count, in the plea agreement. As a result, we cannot say that the sentence imposed is any different from the sentence agreed to and recommended by the parties.
 {¶ 12} Accordingly, we find that a review of Knisely's sentence is barred pursuant to R.C. 2953.08(D). Thus, this court lacks jurisdiction to consider the *Page 7 
merits of Knisely's assignments of error and we must dismiss Knisely's appeal for want of jurisdiction.
Appeal Dismissed
 WILLAMOWSKI and ROGERS, J.J., concur. *Page 1