[Cite as *State v. Kryling*, 2011-Ohio-166.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,                                                  CASE NO. 5-10-25

   PLAINTIFF-APPELLEE,

 v.

CHRISTIAN T. KRYLING,                                   O P I N I O N

   DEFENDANT-APPELLANT.


**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2009 CR 239**

**Judgment Affirmed**

**Date of Decision:  January 18, 2011**


APPEARANCES:

   *Keith O'Korn*  for Appellant

   *Drew A. Wortman*  for Appellee

**PRESTON, J.**

{¶1} Appellant-defendant, Christian T. Kryling (hereinafter "Kryling"), appeals the judgment of sentence entered against him by the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On December 1, 2009, Kryling was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. Contained in the single count indictment was a repeat violent offender specification pursuant to R.C. 2941.149. On December 9, 2009, Kryling entered a plea of not guilty to the sole count in the indictment. On February 4, 2010, the trial court granted Kryling's then-appointed trial counsel's motion to withdraw and appointed Kryling another trial counsel.

{¶3} A motion hearing was scheduled for July 13, 2010, but instead, on July 13, 2010, after negotiations with the State, Kryling withdrew his previous not guilty plea and entered a plea of guilty to the sole count in the indictment. In exchange for Kryling's guilty plea, the State dismissed the repeat violent offender specification. Moreover, at the hearing, the parties informed the trial court that they had entered into a joint recommended sentence of nine (9) years in prison for the aggravated robbery offense. After conducting a Crim.R. 11 colloquy, the trial court found Kryling guilty of aggravated robbery and set the matter for sentencing.

**{¶4}** On July 29, 2010, the sentencing hearing was held, at which time, the trial court imposed the jointly recommended nine (9) year prison term.

**{¶5}** Kryling now appeals and raises one assignment of error.

**ASSIGNMENT OF ERROR**

**THE SENTENCE WAS CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION, AND TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE SENTENCE OR ADVISEMENTS RENDERED BY THE TRIAL COURT. (APPENDIX, EX. 1-3 AND JULY 13 AND JULY 29, 2010 TRANSCRIPT OF PROCEEDINGS).**

**{¶6}** In his only assignment of error, Kryling argues that his sentence was contrary to law and that the trial court abused its discretion in imposing the sentence. In particular, Kryling claims that his sentence was contrary to law because the trial court incorrectly informed him of his eligibility of judicial release at the change of plea hearing, and because the trial court failed to consider the rehabilitation factor in R.C. 2929.11(A) and the seriousness or recidivism factors contained in R.C. 2929.12(D) and (E). Kryling also claims that his trial counsel was ineffective for failing to object to the sentence or the incorrect statements made by the trial court regarding the possibility of judicial release. In response, the State argues that Kryling's sentence is not reviewable by this Court because it was the result of a joint recommendation of sentence entered into by both Kryling and the State.

**{¶7}** Pursuant to R.C. 2953.08, a sentence is not subject to review when the sentence is (1) authorized by law; (2) jointly recommended by the parties; and (3) imposed by the sentencing judge. *State v. Giesey*, 3d Dist. No. 5-06-31, 2006-Ohio-6851, ¶8 citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶8. In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *Porterfield*, 2005-Ohio-3095, at ¶25. See, also, *State v. Cremeens*, 4th Dist. No. 06CA646, 2006-Ohio-7092, ¶10; *State v. Franklin*, 4th Dist. No. 05CA9, 2006-Ohio-1198, ¶15; *State v. Covington*, 5th Dist. No. CT2005-0038, 2006-Ohio-2700, ¶12; *State v. Hammond*, 8th Dist. No. 86192, 2006-Ohio-1570, ¶5, fn.1.

**{¶8}** Here, the State claims that Kryling's sentence is not reviewable because there was a negotiated resolution with a specific jointly recommended sentence of nine (9) years. Kryling responds and claims that his sentence is still reviewable by this Court because there is nothing in any of the applicable judgment entries or documents that states that the parties had entered into a joint recommendation of sentence.

**{¶9}** Although there is nothing explicitly written in the judgment entries or the written plea agreement signed by Kryling and the State, we find that the

Case No. 5-10-25

record clearly demonstrates that this plea agreement contained a joint recommendation of sentence. At the change of plea hearing on July 13, 2010, the State explained the terms of the plea agreement to the trial court as follows:

> **It is the State's understanding of the negotiations in this case for the Defendant to withdraw his plea that's previously been entered of not guilty, and enter a plea of guilty to the sole count contained in the indictment of aggravated robbery, in violation of statute 2911.01(A)(1). That would be a guilty plea to the charge without specifications.**
> **In exchange, that the State would move the Court to dismiss the repeat violent offender contained [sic] this single count of the indictment and pursuant to negotiation [sic] states that we would have a brief continuance for sentencing in approximately two weeks.**
> **At that point in time on July 29th it would be *the joint recommendation of the parties* as an F-1, the Court impose a prison term of nine years with The Department of Rehabilitation & Corrections.**

(July 13, 2010 Tr. at 4-5) (emphasis added). Subsequently, Kryling's defense counsel acknowledged the terms of the agreement and told the trial court that they were in agreement with those terms. (Id. at 6). In addition, during the Crim.R. 11 colloquy, the trial court went over the details of the negotiated plea and joint recommendation of sentence with Kryling. In particular, the trial court stated as follows:

> **The Court: You're pleading guilty to the base indictment, the aggravated robbery charge. Is that your understanding?**
> **Mr. Kryling: Yes, sir.**
> **The Court: State of Ohio is dismissing the specification, the repeat violent offender specification, to the indictment. Is that your understanding?**
> **Mr. Kryling: Yes, sir.**

-5-

> **The Court: We're coming back here July 29th at 8:30 a.m. for sentencing. Is that your understanding?**
> **Mr. Kryling: Yes, sir.**
> **The Court:** *State of Ohio, through the Prosecutor's Office, you, through Mr. Zografides, have negotiated a specific sentence.* **That's** *nine years* **with the Ohio Department of Rehabilitation & Correction and you'll be ordered to pay the costs of proceedings in this case. Do you understand?**
> **Mr. Kryling: Yes, sir.**
> * * *
> **The Court:** *And everybody negotiated a number of nine years in prison.* **Do you understand?**
> **Mr. Kryling: Yes, sir.**
> **The Court: Okay. Any questions at all about the plea negotiations?**
> **Mr. Kryling: No, sir.**

(July 13, 2010 Tr. at 19-20) (emphasis added). Moreover, on July 29, 2010, at the sentencing hearing, the State again stated on the record, "[w]ith regards to the State's position of sentencing, the Court is aware this is a *joint recommendation*. Both the State and the defense will be asking the Court to impose a nine year prison term with the Ohio Department of Rehabilitation and Corrections." (July 29 2010 Tr. at 4) (emphasis added). Furthermore, at the sentencing hearing, Kryling even acknowledged to the trial court that he was aware that he was accepting nine years as his prison sentence. (Id. at 15).

{¶10} Based on the above, we believe that the record clearly demonstrates that Kryling and the State had entered into a joint recommendation of sentence for nine (9) years in prison, despite Kryling's argument to the contrary. See *State v. Wright*, 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶¶19-23 ("[A]lthough neither

party nor the trial court uses the words 'jointly recommended sentence' at either the sentencing hearing or in the written plea, given the statements made at the sentencing hearing, we find that the community control sentence that was imposed by the court was a jointly recommended sentence.") Compare with *State v. Griffith*, 10th Dist. No. 10AP-94, 2010-Ohio-5556, ¶22 (finding that the record contained no evidence of a jointly recommended sentence) and *State v. Lampson*, 10th Dist. No. 09AP-1159, 2010-Ohio-3575, ¶13 (finding that there was no evidence of a jointly recommended sentence). However, see, also, *State v. Baird*, 7th Dist. No. 06-CO-4, 2007-Ohio-3400, ¶¶13-16 (finding that because defendant's sentence was jointly recommended, fell within the statutory range, and was imposed by the sentencing judge, defendant could not appeal his sentence); *State v. Rojas*, 5th Dist. No. 2004-AP-03-0018, 2004-Ohio-3642, ¶12 (finding that the record demonstrated that defendant's sentence was jointly recommended and was thus not reviewable); *State v. Strong*, 11th Dist. No. 2002-L-067, 2003-Ohio-7219, ¶¶6-9 (finding that because the sentence was jointly recommended and was within statutory range the court was without authority to review defendant's sentence for felonious assault). Therefore, so long as the sentence was authorized by law, meaning that the sentence was within the applicable statutory range, R.C. 2953.08(D) provides that the sentence is not subject to appellate review and no error regarding the sentence can be argued.

{¶11} The statutory sentencing range available for a first degree felony is three to ten years. R.C. 2929.14(A)(1). Here, Kryling was sentenced to nine (9) years in prison, which clearly falls within the statutory sentencing range. Because Kryling's sentence falls within the permissible statutory range for his offense, it was authorized by law. We note that had the State not dismissed the repeat violent offender specification, Kryling would have been facing an additional and mandatory prison term. See R.C. 2929.14(D)(2). However, in exchange for his guilty plea, the State dismissed the repeat violent offender specification, and both parties agreed to a prison sentence of nine (9) years. Accordingly, since the imposed sentence was a jointly recommended sentence and was within the applicable statutory range, we find that review of Kryling's sentence is barred pursuant to R.C. 2953.08(D) and we cannot address any of his arguments pertaining to his sentence.[1] *State v. Turrentine*, 3d Dist. No. 1-08-18, 2008-Ohio-3231, ¶¶10-13, citing *State v. Knisely*, 3d Dist. No. 5-07-37, 2008-Ohio-2255, ¶¶7-12.

{¶12} Finally, Kryling argues that his trial counsel was ineffective. While Kryling admits that the incorrect advisement of his eligibility for judicial release

---

[1] We note that throughout his appellate brief, Kryling claims that his sentence was not "authorized by law" because the trial court incorrectly advised him of his eligibility for judicial release at the change of plea hearing. While the trial court did inform Kryling that he was not eligible for judicial release at the change of plea hearing, despite the fact that Kryling is eligible under the statute for judicial release, this in no way renders his sentence "unauthorized." (July 13, 2010 Tr. at 21); R.C. 2929.20(A)(1)(a). Moreover, as Kryling specifically acknowledges in his brief, the "incorrect advisement of his ineligibility for judicial release *did not* induce him to plea[d] guilty"; therefore, there is no need for this Court to discuss his argument. (Appellant's Brief at 10) (emphasis in original).

"*did not* induce him to plea[d] guilty," Kryling still claims that his trial counsel was ineffective for failing to object to the trial court's incorrect statement and for failing to subsequently request that the trial court clarify its statements concerning judicial release at the sentencing hearing. (Appellant's Brief at 10) (emphasis in original). We disagree.

{¶13} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687. To begin with, we do not believe that Kryling's trial counsel's performance was deficient or unreasonable in this particular case; however, *even if* Kryling's trial counsel's performance was not reasonable under these circumstances Kryling has not established prejudice since Kryling has explicitly stated that he would have gone forward with his guilty plea and with the jointly recommended sentence of nine (9) years in prison despite the incorrect

information regarding judicial release.  Therefore, we find Kryling's argument meritless.

**{¶14}** Kryling's assignment of error is, therefore, overruled.

**{¶15}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J., and WILLAMOWSKI, J., concur.**
**/jnc**