[Cite as *State v. Buckner*, 2018-Ohio-4923.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                          CASE NO. 15-18-07

    v.

THOMAS M. BUCKNER, JR.,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-17-04-0450

Appeal Dismissed

Date of Decision: December 10, 2018

APPEARANCES:

    *Joseph Medici* for Appellant

    *Kelly J. Rauch* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Thomas M. Buckner, Jr. ("Buckner"), appeals the April 5, 2018 judgment of conviction and sentence of the Van Wert County Court of Common Pleas. For the reasons that follow, we dismiss Buckner's appeal.

{¶2} On May 4, 2017, the Van Wert County Grand Jury indicted Buckner on six counts: Counts One and Two of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), first-degree felonies; Count Three of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony; Count Four of endangering children in violation of 2919.22(B)(6), (E)(3)(a), a third-degree felony; Count Five of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Six of engaging in a pattern of corrupt activity in violation of 2923.32(A)(1), (B)(1), a first-degree felony. (Doc. No. 2). On May 10, 2017, Buckner appeared for arraignment and entered pleas of not guilty. (Doc. No. 11). (*See* May 10, 2017 Tr. at 1-11).

{¶3} On February 26, 2018, under a negotiated plea agreement, Buckner withdrew his pleas of not guilty and entered guilty pleas to Counts One and Four of the indictment. (Doc. No. 105). (*See* Doc. No. 104). (*See also* Feb. 26, 2018 Tr. at 139-157). In exchange, the State agreed to dismiss Counts Two, Three, Five, and Six. (*Id.*); (*Id.*); (*Id.*). The trial court accepted Buckner's guilty pleas, found him

guilty, and ordered a presentence investigation. (Doc. No. 105). (*See* Feb. 26, 2018 Tr. at 139-157). On March 15, 2018, Buckner informed the trial court that he desired to withdraw his guilty pleas. (Doc. No. 107). (*See* Mar. 15, 2018 Tr. at 158-161).

{¶4} On April 3, 2018, the State filed a bill of information with a single count, Count One, of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony. (Doc. No. 115). On the same date, under a second negotiated plea agreement, Buckner entered guilty pleas to Count One of the bill of information and Counts Three and Four of the indictment. (Doc. No. 121); (Apr. 3, 2018 Tr. at 174-192). In exchange for his guilty pleas, the State agreed to dismiss the remaining charges against Buckner.[1] (Apr. 3, 2018 Tr. at 164). (*See* Doc. No. 120). The trial court accepted Buckner's guilty pleas and found him guilty. (Doc. No. 121); (Apr. 3, 2018 Tr. at 192).

{¶5} As the parties had a jointly recommended sentence, the trial court proceeded directly to sentencing and sentenced Buckner to six years in prison on Count One of the bill of information; six years in prison on Count Three of the indictment; and 24 months in prison on Count Four of the indictment. (Doc. No. 121); (Doc. No. 122); (Apr. 3, 2018 Tr. at 197-198). In its judgment entry of

---

[1] On April 5, 2018, the State filed a nolle prosequi as to Counts One, Two, Five, and Six of the indictment. (Doc. No. 118).

sentence, the trial court ordered that the sentences for Count Three of the indictment and Count One of the bill of information be served consecutively to one another and that the sentence for Count Four of the indictment be served concurrently to Counts One and Three.  (Doc. No. 121).

{¶6} Following the announcement of sentence, Buckner orally moved to strike his motion to withdraw his former guilty plea.  (Apr. 3, 2018 Tr. at 202).  On April 5, 2018, the trial court filed its judgment entry of conviction and sentence. (Doc. No. 121).

{¶7} Buckner filed his notice of appeal on April 30, 2018.  (Doc. No. 138). He raises one assignment of error.

## Assignment of Error

**The trial court's decision to impose consecutive sentences was not supported by the record and was contrary to law.**

{¶8} In his assignment of error, Buckner argues that the trial court erred in imposing consecutive sentences.  Specifically, Buckner argues that no stipulated sentence existed due to "confusion prior to sentencing" and "the [trial] court's indication during sentencing that the sentences were to run concurrent[ly]." (Appellant's Brief at 3).  Buckner argues that because there was not a stipulated sentence, the trial court was required to review the consecutive-sentencing findings during the sentencing hearing and in the judgment entry of sentence and that the trial court failed to make the required consecutive-sentencing findings.  (*Id.* at 3-4).

{¶9} Notwithstanding Buckner's arguments, we must determine whether this court has jurisdiction to reach the merits of Buckner's assigned error.

{¶10} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

{¶11} First, the record is clear that the trial court, the State, Buckner, and Buckner's trial counsel came to a meeting of the minds regarding a jointly recommended sentence for Buckner. The parties unequivocally agreed that the mandatory time for Count One of the bill of information and Count Three of the indictment would run consecutively to each other and that Count Four of the indictment would run concurrently to Counts One and Three. (Apr. 3, 2018 Tr. at 164-165). Although there was some initial confusion regarding whether the

stipulated sentence was for a total of 12, 12.5, or 13 years' imprisonment, the confusion was decisively resolved on the record during the following exchange:

[Trial Court]: So * * * this has to be ironed out. It either needs to be twelve or thirteen, or it needs to be twelve.

[Defense Counsel]: * * * [A]s an officer of the Court, I will state [that] [the former prosecutor on the case] and I * * * reached an agreement that this was going to be a twelve year stipulated agreement specifically because Mr. Buckner then understood that he would not have the right to an appeal because it is a stipulated agreement if your honor follows the stipulated agreement. That's why I believed it to be a twelve year [stipulated sentence] and I'm sure that Mr. Buckner, that's what he recalls me telling him as well, so. [sic]

* * *

[The State]: I will say that the agreement is a stipulated twelve years.

> [Trial Court]: So the agreement is a stipulated sentence of twelve years and a stipulated mandatory time of six (6) years?
>
> [Defense Counsel]: Yes[.]

(*Id.* at 166-167).

**{¶12}** Prior to accepting Buckner's guilty plea, the trial court again confirmed that Buckner understood the possible penalties and the stipulated sentence:

> [Trial Court]: Your sentences and fines could run concurrently with each other, which is what is stipulated to, or consecutively to one another. In the stipulation, your [sic] stipulating to six (6) years on Count 3, six (6) years on [Count 1 of] the Bill of Information to be served consecutively, that will be twelve (12) years with mandatory three (3) on Count 3, mandatory three (3) on Count 1 of the Bill of Information, for a mandatory six (6) running consecutively, with a sentence of two (2) years on the Felony of the third degree with that

to run concurrently with the Count 3 of the

Indictment. Do you understand that?

[Buckner]: Yes sir[.]

(*Id.* at 187-188).

{¶13} After the trial court found Buckner guilty of Count One of the bill of information and Counts Three and Four of the indictment, Buckner's trial counsel stated that "[b]ecause this is a stipulated plea, we're prepared to proceed directly to sentencing." (*Id.* at 193).

{¶14} Therefore, we find that the record clearly demonstrates that the parties had a stipulation regarding Buckner's sentence. *See State v. Herald*, 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 52. Finding that a jointly recommended sentence existed, we next determine whether the trial court imposed the stipulated sentence.

{¶15} At the sentencing hearing, the trial court sentenced Buckner to 6 years in prison as to Count One of the bill of information; 6 years in prison as to Count Three of the indictment; and 24 months in prison as to Count Four of the indictment. (Apr. 3, 2018 Tr. at 197-198). The trial court ordered that the sentences for Count Three of the indictment and Count One of the bill of information be served consecutively and that the sentence for Count Four of the indictment be served

concurrently with Count Three for an aggregate term of 12 years' imprisonment. (*Id.* at 198-199).

**{¶16}** Furthermore, after announcing Buckner's sentence, the trial court specifically asked the State and Buckner's trial counsel, "[i]s there anything that I have said in this sentence that you feel requires correction?" (*Id.* at 201). Both the State and Buckner's trial counsel specifically denied any need for correction. (*Id.*). The judgment entry of sentence likewise reflects parties' jointly recommended sentence. (Doc. No. 121). (*See* Doc. No. 122).

**{¶17}** Buckner argues that the trial court deviated from the parties' agreement because the trial court briefly referenced the stipulation as being for concurrent sentences. (Appellant's Brief at 4). (*See* Apr. 3, 2018 Tr. at 187-188). However, Buckner's argument is unpersuasive as the fairest reading of the trial court's entire statement is that the trial court simply misspoke or was referencing the stipulated concurrent sentences regarding Count Four. Regardless, in the very next sentence, the trial court unambiguously stated that the six-year sentences for Count Three of the indictment and Count One of the bill of information were to be served consecutively for a total prison term of 12 years, which was precisely the agreement of the parties. (Apr. 3, 2018 Tr. at 187-188).

**{¶18}** As the sentence announced at the sentencing hearing and memorialized in the judgment entry of sentence was consistent with the agreement

reached between the parties, we find that the trial court imposed the stipulated sentence. *See State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 9, 11.

**{¶19}** Finally, Buckner's sentence is authorized by law. "'[A] sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 26, quoting *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, at paragraph two of the syllabus. Buckner entered guilty pleas to two second-degree felonies and one third-degree felony. (Doc. No. 121). R.C. 2929.14(A)(3)(b) authorizes a prison term of 9 to 36 months for a third-degree felony. R.C. 2929.14(A)(2) authorizes a prison term between two and eight years for a second-degree felony. Thus, the 24-month sentence and two six-year sentences that the trial court imposed were authorized by R.C. 2929.14(A)(3)(b) and 2929.14(A)(2).

**{¶20}** As trial courts are permitted, but not required, under R.C. 2929.14(C)(4) to impose consecutive sentences, Buckner's consecutive sentences imposed under R.C. 2929.14(C)(4) are not mandatory. The Supreme Court of Ohio has held that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 43.

"Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Id.* "'Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.'" *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25. As we have found that Buckner's sentence was imposed pursuant to a joint recommendation, we need not discuss whether the trial court made consecutive-sentence findings to find that Buckner's consecutive sentences are authorized by law. Accordingly, Buckner's sentence is authorized by law.

{¶21} As the record clearly demonstrates that the parties had a jointly recommended sentence that was authorized by law and was followed by the trial court, we find that a review of Buckner's sentence is barred under R.C. 2953.08(D)(1). *See State v. Knisely*, 3d Dist. Hancock No. 5-07-37, 2008-Ohio-2255, ¶ 11-12 (dismissing appellant's appeal for want of jurisdiction where the trial court followed the sentence "agreed to and recommended by the parties"); *State v. Kryling*, 3d Dist. Hancock No. 5-10-25, 2011-Ohio-166, ¶ 11 (concluding that because "the imposed sentence was a jointly recommended sentence and was within the applicable statutory range," review of the appellant's sentence was barred under R.C. 2953.08(D)); *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 23 (noting that appellant's sentence is not appealable under R.C.

2953.08(D)(1) where the trial court imposed a jointly agreed sentence authorized by law).

**{¶22}** Thus, this court lacks jurisdiction to consider the merits of Buckner's assignment of error, and we dismiss Buckner's appeal for want of jurisdiction.

***Appeal Dismissed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**